IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:07MJ84-CSC |
| | ) | |
| CHRISTOPHER FOSTER | ) | |

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on October 4, 2007. For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

There is probable cause to believe that the defendant has violated 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 844(a). As explained below there is a serious risk the defendant will not appear and will endanger the safety of another person or the community.

I find that the credible testimony and information including the Pretrial Services Report submitted at the hearing establishes by both a preponderance of evidence with respect to flight and clear and convincing evidence with respect to dangerousness that the defendant has a lengthy felony criminal history involving crimes of violence including rape, assault in the first degree and manslaughter.[1] In addition, the defendant has been twice convicted of giving a false name to an officer and has a record of numerous failures to appear. In September of 2007, a complainant sought a state warrant for menacing

---

[1] The defendant has also been convicted in Florida of aggravated assault for which he was placed on probation. Available information does not indicate whether this was a felony conviction.

against the defendant alleging that the defendant threatened her with a firearm. The defendant has a history of substance abuse including a misdemeanor conviction for possession of marijuana and has no steady employment. In August 2007, a state grand jury indictment was returned against the defendant for felony possession of marijuana. This is based on the same facts which support the possession charge in this court. At the time of his arrest on September 27, 2007, law enforcement officers sought the defendant at his residence, but he was not present. They located the defendant in a vacant house near his residence. After the defendant was persuaded to come out of that house, he told officers that a .38 caliber pistol was hidden in a chimney in the house. Officers found that weapon as well as a bullet-proof vest[2] of the type commonly used by law enforcement for protection.

    Based on the foregoing, the court concludes that the defendant will not abide by conditions of release, that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the

---

[2] Reports to and interviews by law enforcement of persons living on Avenue L indicated that early in the morning of September 29, 2007, the defendant was involved in a shooting on Avenue L where his residence is located. Reports also indicate that the defendant has been seen wearing a vest. Given the nature of this information, the court places no reliance on it other than to note that the reputation of the defendant in the neighborhood is not good.

evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 4th day of October, 2007.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE